**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

RICHARD GRAY,  :
BETH GRAY, et al.,  :
  :
  Plaintiffs,  :
  : CIVIL ACTION NO.
  v.  : 1:07-CV-2993-JOF
  :
PROVINCE-GRACE, LLC,  :
PROVINCE DEVELOPMENT,  :
INC., et al.,  :
  :
  Defendants.  :

## OPINION AND ORDER

This matter is before the court on Defendants' motion for summary judgment [20].

Plaintiffs Richard Gray, Beth Gray, Shepherd Long, Ellen Long, Michael Herrmann, Mary Herrmann, Paul Okerberg, Martha Okerberg, Edwin Colvin, Melissa Colvin, Anthony Crowe, Karen Crowe, William Kelly, Gail Kelly, Curtis Shoch, Lisa Shoch, Jeff McMahon, Michelle McMahon, William Petit, Katheryn Petit, John Runyans, and Carol Runyans filed suit against Defendants Province-Grace, LLC.; Province Development, Inc.; Grace Development Corp.; David B. Swales; and J.H. Rowland, III, on December 4, 2007, alleging that Defendants have caused pollutants to be discharged into a body of water known as Murray's Loch as a result of Defendants' failure to use "Best Management Practices" during

land disturbing activities conducted as part of construction projects in a residential subdivision called The Overlook at Marietta County Club. Plaintiffs raise causes of action under the Federal Clean Water Act, as well as associated state law claims such as nuisance and trespass.

## I. Background

### A. Procedural History

At least nineteen of the twenty-two Plaintiffs are homeowners within The Overlook. Prior to their purchase of the properties, a Declaration of Covenants, Conditions, and Restrictions was filed with the Clerk of Superior Court of Cobb County on the deeds to those properties. Article XIV of the Declaration governs dispute resolution and contains a limitation on litigation which requires that any "claim" made by parties bound by the Declaration are to be first considered in good-faith negotiations. If the parties cannot resolve the claim through negotiation, they must submit it to mediation. If the mediation fails, the parties may proceed to court. The Declaration further provides, however, that if a claimant does not submit the claim to mediation, he "shall be deemed to have waived the Claim, and the Respondent shall be relieved of any and all liability to the Claimant (but not to third parties) on account of such claim."

Prior to filing suit, Plaintiffs communicated with Defendants regarding the alleged discharges and consequent damages to Murray's Loch. Some of Plaintiffs met with

2

Defendants' representatives on September 20, 2006. On September 23, 2006, Defendants sent a letter to Plaintiffs regarding the issues raised in the meeting. In neither the meeting nor the letter was the applicability of the Declaration's Alternative Dispute Resolution mechanism mentioned. In a December 7, 2006 e-mail to Defendants, Plaintiff Gray stated that he did not believe that the Alternative Dispute Resolution mechanism in the Declaration applied to the issues Plaintiffs were raising. In their response e-mail of January 5, 2007, Defendants did not express any opinion on Plaintiff Gray's statement.

Plaintiffs' counsel informed Defendants on July 27, 2007, that Plaintiffs would be filing suit if the parties could not reach an agreement on the pollution of Murray's Loch. On September 14, 2007, Defendants' counsel responded with several legal arguments but again, did not reference the Alternative Dispute Resolution mechanism. Plaintiffs filed suit on December 4, 2007. Defendants answered on December 31, 2007, and Defendant Grace filed counterclaims. Defendants' answer included the general affirmative defense of waiver and release but had no discussion of the Declaration's Alternative Dispute Resolution mechanism. Plaintiffs filed a motion to dismiss Defendant Grace's counterclaim on January 15, 2008. Without responding to Plaintiffs' motion, Defendant Grace voluntarily dismissed its counterclaim on January 23, 2008.

Counsel for both parties met on January 15, 2008, to draft the Joint Preliminary Report and Discovery Plan and discuss potential for settlement. Defendants' counsel did

3

not raise the issue of the Alternative Dispute Resolution mechanism at this meeting. Both parties filed their initial disclosures, and Defendants again did not raise the Alternative Dispute Resolution in those disclosures, although Defendants' counsel states he informed Plaintiffs' counsel at the time of the initial disclosures of Defendants' intent to file a motion for summary judgment on the issue of Alternative Dispute Resolution. On March 17 and 18, 2008, Defendant Province-Grace and Province Development served written discovery on Plaintiffs. Plaintiffs have responded to those requests, and the parties have exchanged discovery documents.

### B. Contentions

Defendants contend that Plaintiffs failed to abide by the alternative dispute resolution mechanism contained within the Declaration of Covenants, Conditions, and Restrictions covering property in The Overlook. Because Plaintiffs filed suit before pursuing mediation, Defendants argue that pursuant to the terms of the Declaration, the court should dismiss Plaintiffs' claims.

Plaintiffs respond that (1) the Alternative Dispute Resolution provisions in the Declaration do not apply to the claims they are making; (2) certain portions of The Overlook's property are not covered by the Declaration; (3) because they do not concern the land or its use or enjoyment, the Alternative Dispute Resolution provisions do not run with the land and therefore cannot be enforced against Plaintiffs, and they particularly cannot be

4

enforced against three plaintiffs who are not owners of property within The Overlook; (4) the Alternative Dispute Resolution provisions and exculpatory clause are unenforceable because they violate Georgia public policy; (5) the exculpatory clause may not be enforced as to claims arising from wilful and intentional conduct as Plaintiffs have alleged here; (6) Defendants have waived their right to enforce the Alternative Dispute Resolution provision by engaging in the instant litigation; (7) the Alternative Dispute Resolution provision and exculpatory clause are unenforceable as pre-litigation waivers of a jury trial; and (8) several of the Defendants are not "bound" parties to the Declaration and therefore cannot enforce its provisions.

## II. Discussion

The procedural posture of this motion for summary judgment is somewhat unique, and this plays into an adjudication of the issues. Defendants have not moved to compel arbitration or, in this case, mediation. Rather, because the contract contains an alternative dispute resolution provision, as well as a penalty in the form of an exculpatory clause, Defendants essentially have moved to dismiss Plaintiffs' claim under the penalty provision only.[1] Defendants' motion is couched as one for summary judgment because the court must

---

[1] Defendants state: "It is noteworthy that Defendants are not seeking to compel arbitration or remove the adjudication of these matters from this Court's jurisdiction. As such, none of Plaintiffs' arguments seeking to apply waiver of arbitration case law to this case are on point. To the contrary, Defendants are specifically asking this Court to exercise its judicial authority over this case and to find that Plaintiffs failed to satisfy a mandatory provision of the Declaration of Covenants and that, pursuant to the express terms of that

5

consider some facts outside of the complaint in order to analyze the alternative dispute resolution issues.

Plaintiffs, however, correctly note that the court must first consider whether Defendants have waived their right to the alternative dispute resolution portion of the Declaration before considering whether the portion of the Declaration covers the issues raised in this litigation and whether the exculpatory penalty provision comports with public policy. That is, the court finds that the mediation and exculpatory clause portions of the alternative dispute resolution mechanism cannot be segregated as Defendants wish. If Defendants have waived the mediation provisions, they cannot gain the benefit of the penalty clause for Plaintiffs' failure to proceed to mediation.

At the outset, the court must determine whether federal or state law applies to Plaintiffs' contention that Defendants have waived the alternative dispute resolution mechanism. Neither party has addressed this issue, and Plaintiffs have presumed that state law applies. There is no doubt that the alternative dispute resolution mechanisms in the Declaration do not call for binding arbitration; rather, they direct the parties to non-binding mediation and permit the parties to enter into litigation once a mediator has determined that no agreement can be reached.

---

provision, their failure to do so has resulted in the waiver of their claims and the release of Defendants from liability." *See* Reply, at 8 n.2.

6

In *Advanced Bodycare Solutions, LLC v. Thione International, Inc.*, 524 F.3d 1235 (11th Cir. 2008), the court considered "whether the Federal Arbitration Act permits enforcement of a contract clause requiring an aggrieved party, prior to filing a lawsuit, to institute mediation or non-binding arbitration." *Id.* at 1236. The alternative dispute resolution provision in *Advanced Bodycare*, although more detailed, is similar to the one at issue here. The *Advanced Bodycare* provision states:

> A. The parties recognize that disputes as to certain matters may from time to time arise which relate to either party's rights and/or obligations hereunder. It is the objective of the parties to establish procedures to facilitate the resolution of such disputes in an expedient manner by mutual cooperation and without resort to litigation. To accomplish that objective, the parties agree to follow the procedures set forth below if and when such a dispute arises between the parties.
>
> B. If any dispute arises between the parties relating to the interpretation, breach or performance of this Agreement or the grounds for the termination thereof, and the parties cannot resolve the dispute within thirty (30) days of a written request by either party to the other party, the parties agree to hold a meeting, attended by the Chief Executive Officer or President of each party, to attempt in good faith to negotiate a resolution of the dispute prior to pursuing other available remedies. If within sixty (60) days after such written request, the parties have not succeeded in negotiating a resolution of the dispute, such dispute shall be submitted to non-binding arbitration or mediation with a mutually agreed upon, independent arbitrator or mediator. The arbitration or mediation shall be held in Atlanta, Georgia. Each party shall bear its own costs and legal fees associated with such arbitration or mediation. If no resolution acceptable to both parties is reached through arbitration or mediation, either party may resort to instituting legal action against the other in court and all rights and remedies of the party shall be preserved in such action. This Agreement shall be interpreted in accordance with the laws of the state of Georgia.

7

*Id.* at 1237.

To determine whether these provisions came under the Federal Arbitration Act, the court first noted that an aggrieved party has the option to initiate either mediation or non-binding arbitration. *Id.* at 1238. The court then concluded that when "an aggrieved party has an unconditional right to choose between two or more dispute resolution procedures, and one of them is not FAA arbitration, the contract is not one 'to settle by arbitration a controversy' [under 9 U.S.C. § 2]." *Id.*

The court then went on to consider whether mediation is arbitration. Finding that the Federal Arbitration Act did not define "arbitration," the court reviewed case law from other jurisdictions. *Id.* at 1239. The court found a "bright line rule" in whether the mechanism would result in an "award" declaring the rights and duties of the parties. *Id.* Specifically, the court noted that the purpose of the Federal Arbitration Act was to "relieve congestion in the courts and to provide parties with an alternative method of dispute resolution that is speedier and less costly than litigation." *Id.* at 1240 (quotation and citation omitted). When a "party has contractually preserved all its rights and remedies in court and is unwilling to undertake mediation voluntarily, the FAA's goal of minimizing the time and cost of litigation is ill-served by a prefatory round of motions practice. Unlike submitting a dispute to a private adjudicator, which the FAA contemplates, compelling a party to submit to settlement talks it does not wish to enter and which cannot resolve the dispute of their own

AO 72A
(Rev.8/82)

force may well *increase* the time and treasure spent in litigation." *Id.* (emphasis in original). The court then concluded that mediation is not within the Federal Arbitration Act's scope. *Id.*

Here, because the alternative dispute mechanism in the Declaration provides for non-binding mediation, the court finds that it is not governed by the Federal Arbitration Act and will rely on state law only to determine whether Defendants waived the provision.[2] Under Georgia law, "[a]n agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration." *Griffis v. Branch Banking & Trust Co.*, 268 Ga. App. 588, 591 (2004). *See also USA Payday Cash Advance Center # 1 v. Evans*, 281 Ga. App. 847, 849 (2006) (waiver where defendants requested additional time to answer, entered a stipulation extending time for all defendants, answered discovery requests, and opposed plaintiff's motion for leave to amend complaint, all before moving to compel arbitration); *Griffis*, 268 Ga. App. at 591 (waiver where defendants asserted multicount counterclaim, engaged in discovery and waited nine motions to assert right to arbitration); *Phil Wooden*

---

[2]The court has located no case which addresses whether the same test applies in waiver of binding arbitration as non-binding mediation. Several courts, however, have applied the same test without additional discussion. *See LBL Skysystems (USA), Inc. v. APG-Amearica, Inc.*, 2005 WL 2140240, *30 (E.D. Pa. Aug. 31, 2005); *A.T. Chadwick Co., Inc. v. PFI Constr. Corp.*, 2004 WL 2451372 (Pa. Com. Pl. Ct. July 27, 2004) ("party may waive its right to have its dispute settled by nonjudicial means by availing itself of the judicial process to resolve the dispute"); *Zack Associates, Inc. v. Setauket Fire Dist.*, 783 N.Y.S.2d 827 (N.Y. 2004); *Morrison Restaurants, Inc. v. Homestead Village of Fairhope, Ltd.*, 710 So. 2d 905, 907 (Ala. 1998).

9

*Homes v. Ladwig*, 262 Ga. App. 792, 793 (2003) (waiver where defendants asserted counterclaim and obtained discovery before asserting right to arbitration); *Wise v. Tidal Construction Co.*, 261 Ga. App. 670 (2003) (asserting counterclaim and obtaining discovery before asserting right to arbitration inconsistent with purpose of arbitration); *but cf. Langfitt v. Jackson*, 284 Ga. App. 628 (2007) (no waiver where defendants initially sought extension of time but took no other action in the litigation process before asserting right to arbitration, including no discovery, no counterclaims, and no motions).

Defendants' actions here have clearly been inconsistent with a desire to pursue alternative dispute resolution. Defendants answered and filed a counterclaim. They also served discovery and did not mention alternative dispute resolution until well into the instant litigation. Defendants' waiver is even more significant than a simple resort to litigation. Plaintiffs stated on several occasions that they did not believe the dispute between the parties to be covered by the Alternative Dispute Resolution clause of the Declaration. Rather than asserting a right to mediation at that point, Defendants remained silent and continued on a path to litigation. Not only did Defendants not directly assert a right to mediation in their answer (notwithstanding the general defenses of waiver and release), but Defendants filed a counterclaim against Plaintiffs and served discovery requests on Plaintiffs.

Further, the court notes that to allow Defendants to assert a right to mediation, and under the terms of the Declaration, the accompanying right to have Plaintiffs' claims

10

dismissed at this late stage would clearly prejudice Plaintiffs. Assuming that the exculpatory penalty provision of the clause would survive a challenge on public policy grounds – a point on which the court makes no comment – Plaintiffs would lose their right to sue Defendants. To eliminate Plaintiffs' claims in these circumstances would simply provide incentive to those in Defendants' position to remain silent about the Alternative Dispute Resolution mechanism in hopes of getting a plaintiff's claims dismissed through a penalty clause.

For the foregoing reasons, the court DENIES Defendants' motion for summary judgment [20].

**IT IS SO ORDERED** this 3rd day of February 2009.

                                           s/ J. Owen Forrester
                                              J. OWEN FORRESTER
                         SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)